UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WANDA JASMIN MORALES,              )
                                   )
            Plaintiff,             )     Case No. 1:13-cv-1061
                                   )
v.                                 )     Honorable Janet T. Neff
                                   )
COMMISSIONER OF                    )
SOCIAL SECURITY,                   )
                                   )     **OPINION**
            Defendant.             )
_____)

This is a social security action brought under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On April 16, 2010, plaintiff filed her applications for DIB and SSI benefits. (Page ID 201-18). She alleged a February 1, 2009, onset of disability.[1] (Page ID 208, 213, 215). Her claims were denied on initial review. (Page ID 107-29). On January 12, 2012, she received a hearing before an administrative law judge (ALJ), at which she was represented by counsel. (Page ID 48-105). On February 3, 2012, the ALJ issued her decision finding that plaintiff was not disabled. (Op., Page ID 30-42).

---

[1] SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Commissioner*, 566 F.3d 347, 349 n.5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, May 2010 is plaintiff's earliest possible entitlement to SSI benefits.

On July 26, 2013, the Appeals Council denied review (Page ID 19-21), and the ALJ's decision became the Commissioner's final decision.

Plaintiff filed a timely complaint seeking judicial review of the Commissioner's decision denying her claims for DIB and SSI benefits. She asks the court to overturn the Commissioner's decision on the following grounds:

1. The ALJ committed reversible error by not properly considering he opinion of plaintiff's treating physician.

2. The ALJ did not have substantial evidence to support her findings regarding plaintiff's credibility.

3. The ALJ committed reversible error by failing to follow the vocational expert's answers to factually accurate questions.

(Statement of Errors, Plf. Brief at 17, docket # 12, Page ID 620). The Commissioner's decision will be affirmed.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not

review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

**Discussion**

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from February 1, 2009, through the date of the ALJ's decision. (Op. at 3, Page ID 32). Plaintiff had not engaged in substantial gainful activity on or after February 1, 2009. (*Id.*). Plaintiff had the following severe impairments: diabetes mellitus, migraine headaches, chronic bilateral carpal tunnel syndrome (status-post right carpal tunnel release surgery), C-8 radiculopathy, anxiety disorder, social phobia, mood disorder, depression/dysthymia, panic disorder, a history of bipolar disorder, and attention deficit-hyperactivity disorder. (*Id.* at 4, Page ID 33). Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the listing of impairments. (*Id.*). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of light work:

> Lifting, carrying, pushing and pulling are limited to a maximum of ten pounds. Claimant is able to stand or walk for a total of six hours during an eight-hour workday and to sit for six out of eight hours with normal breaks. Claimant cannot climb ladders, ropes, or scaffolds. She must avoid concentrated exposure to excessive vibration and all exposure to the use of hazardous machinery and unprotected heights. Work is limited to unskilled work as defined in the Dictionary of Occupational Titles (DOT) with Specific Vocational Preparation (SVP) levels of one or two, with simple, routine tasks that can be learned in approximately 30 days involving no more than simple work-related decision[s] and few workplace changes. Claimant can have occasional contact with the general public, co-workers, and supervisors.

(Op. at 7, Page ID 36). The ALJ found that plaintiff's testimony regarding her subjective functional limitations was not fully credible. (*Id.* at 7-10, Page ID 36-39). The ALJ found that plaintiff was not disabled at step 4 of the sequential analysis

because she was capable of performing her past relevant work as a visual inspector and fabric installer. (*Id.* at 11, Page ID 40).[2]

Alternatively, the ALJ found that plaintiff was not disabled at step 5 of the sequential analysis. Plaintiff was 22-years-old as of her alleged onset of disability, and 25-years-old as of the date of the ALJ's decision. Thus, at all times relevant to her claims for DIB and SSI benefits, plaintiff was classified as a younger individual. (Op. at 12, Page ID 41). Plaintiff has at least a high-school education and is able to communicate in English. (*Id.*). The transferability of job skills was not material to a disability determination. (*Id.*). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with her RFC, education, and work experience, the VE testified that there were approximately 24,600 jobs in Michigan that the hypothetical person would be capable of performing. (Page ID 102-03). The ALJ found that this constituted a

---

[2]"Administrative law judges employ a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Social Security Act." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Under the sequential analysis, "The claimant must first show that she is not engaged in substantial gainful activity. Next, the claimant must demonstrate that she has a 'severe impairment.' A finding of 'disabled' will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and 'meets or equals a listed impairment.' If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work." *White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009).

significant number of jobs. Using Rule 202.20 of the Medical-Vocational Guidelines as a framework, the ALJ held that plaintiff was not disabled. (Op. at 12-13, Page ID 41-42).

## 1.

Plaintiff argues that the ALJ did not have substantial evidence to support her findings regarding plaintiff's credibility. (Plf. Brief at 19-20, Page ID 622-23; Reply Brief at 3, Page ID 643). Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528. The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005); *see Ritchie v. Commissioner*, 540 F. App'x 508, 511 (6th Cir. 2013) ("We have held that an administrative law judge's credibility findings are 'virtually unchallengeable.'"). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while

testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge [his] subjective complaints." *Buxton v. Halter*, 246 F.3d at 773; *accord White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).

The Sixth Circuit recognizes that meaningful appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The *Rogers* court observed that Social Security Ruling 96-7p requires that the ALJ explain his credibility determination and that the explanation "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Rogers*, 486 F.3d at 248.

The ALJ found that plaintiff's testimony regarding her subjective functional limitations was less than fully credible. (Op. at 7-10, Page ID 36-39). The ALJ gave very careful attention to plaintiff's testimony. Her analysis of the evidence is quite lengthy and will not be reproduced in its entirety herein. Among other things, the ALJ noted that plaintiff's credibility was undermined by her failure to follow prescribed medical treatment. The ALJ noted that Dr. Sanchez, a treating physician, "commented that the claimant's diabetes was uncontrolled because the claimant did not seem very concerned about her problem, or very accurate or sincere in adhering to her diet or taking insulin injections." (Op. at 8, Page ID 37). Sometimes when plaintiff's blood sugar was too high, she would develop a headache or a sensation that her head felt

heavy. (*Id.*). Some substance abuse was documented in the record.[3] (*Id.* at 10, Page ID 39). It was appropriate for the ALJ to draw an adverse inference from plaintiff's failure to follow medical advice. Social security regulations make pellucid that the claimant bears the burden of demonstrating good reasons for her failure to follow prescribed treatment: "If you do not follow the prescribed treatment without good reason, we will not find you disabled." 20 C.F.R. §§ 404.1530(b), 416.930(b). The Sixth Circuit recognizes that a claimant's failure to follow prescribed treatment is evidence supporting an ALJ's factual finding that the claimant's testimony was not fully credible. *See Sias v. Secretary of Health & Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988).

In addition, the ALJ noted the objective evidence weighed heavily against the claimant's allegations. (Op. at 9, Page ID 38). Plaintiff had a normal gait and a full range of motion. CT scans returned normal results. The longitudinal treatment history did not indicate that plaintiff was disabled. (*Id.* at 10, page ID 39). The record did not document any significant side effects from plaintiff's medications. The medical record did not substantiate plaintiff's claims regarding panic attacks. Although she claimed to have "three panic attacks daily," plaintiff participated in "infrequent visits

---

[3]In March 2009, plaintiff was arrested for DUI. (Page ID 97). She later pled guilty to impaired driving and was placed on probation. (*Id.*). On November 21, 2010, emergency room physicians noted that plaintiff was intoxicated and advised her not to drink alcohol. (Page ID 444-54). When plaintiff was asked at the hearing whether she had a drinking problem, her response was "No I don't drink. Occasionally I'll drink but I don't drink like, I'm not an alcoholic." (Page ID 95). Plaintiff stated that she limited herself to "four or five beers." (Page ID 100).

to Ottawa County CMH" and the use of psychotropic medications improved her symptoms and brightened her affect. Notably, plaintiff was able to attend a party for several hours with a "significant amount of people" without difficulty. The record documented some history of migraine headaches, but no level of treatment suggesting that they were debilitating. The objective evidence did not support plaintiff's complaints of neck pain. (*Id.*).

Plaintiff alleges a February 1, 2009, onset of disability. She testified that she was laid off from her job in February 2009 and began collecting unemployment. (Page ID 63, 67). The ALJ found that this was another factor undercutting plaintiff's claims:

> Claimant's receipt of unemployment compensation somewhat undercuts her claim of disability because unemployment payments require that an individual be ready, willing, and able to perform available jobs. Still, the undersigned recognizes that there is not an absolute prohibition to being found disabled and the receipt of unemployment compensation, and the claimant received unemployment payments only during the fourth quarter of 2009 and the first quarter of 2010 (Exhibit 4D). The undersigned considered the receipt of unemployment compensation only as a portion of the claimant's overall credibility. Even without the unemployment payments, the undersigned's conclusions would not change in this case.

(Op. at 10, Page ID 39). It was appropriate for the ALJ to draw an adverse inference regarding plaintiff's credibility from her application for and receipt of unemployment benefits during the period she claims to have been disabled. *See Workman v. Commissioner*, 105 F. App'x 794, 801 (6th Cir. 2004) ("Applications for unemployment and disability are inherently inconsistent."); *see also Loyacano v. Commissioner*, No. 1: 13-cv-144, 2014 WL 1660072, at * 5 (W.D. Mich. Apr. 25, 2014) (collecting cases); *Smith v. Commissioner*, No. 1:12-cv-904, 2014 WL 197846, at * 16 (S.D. Ohio Jan.15,

2014); *Barton v. Astrue*, No. 3:11-cv-1239, 2013 WL 6196297, at * 7 (M.D. Tenn. Nov.27, 2013).

Plaintiff's argument, that the ALJ impermissibly applied the "sit and squirm" test is without merit. The ALJ simply noted what she had observed during the hearing. Plaintiff had not been in any obvious discomfort while walking or sitting. While an ALJ may not deny a claim "solely" on her observations of the claimant at the hearing, *Martin v. HHS*, 735 F.2d 1008, 1010 (6th Cir. 1984), it is equally well-established that an ALJ "may distrust a claimant's allegations of disabling symptomology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." *Moon v. Sullivan*, 923 F.2d 1175, 1183 (6th Cir.1990); *see Lucido v. Commissioner*, 109 F. App'x 715, 716-17 (6th Cir. 2004).

Plaintiff lived independently in her own apartment. She maintained a driver's licence and continued to drive her car. She was able to take care of housekeeping, shopping, laundry, and meal preparation. (Op. at 9, Page ID 38). It was appropriate for the ALJ to take plaintiff's daily activities into account in making her credibility determination. *See Cruse v. Commissioner*, 502 F.3d 532, 542 (6th Cir. 2007); *Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir.1990); *see also Keeton v. Commissioner*, 583 F. App'x at 532 ("Although the ability to do household chores is not direct evidence of an ability to do gainful work, an ALJ may consider household and social activities engaged in by the claimant in evaluating a claimants assertions of pain or ailments.") (citations and quotations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Heston v. Commissioner*, 245 F.3d at 534. The ALJ gave an adequate explanation why she found that plaintiff's testimony was not fully credible, and her factual finding regarding plaintiff's credibility is supported by more than substantial evidence.

**2.**

Plaintiff argues that the ALJ committed reversible error in failing to follow the vocational expert's answers to accurate hypothetical questions. (Plf. Brief at 19-20, Page ID 662-63). Specifically, plaintiff argues that "the vocational expert testified that there were no jobs available to Plaintiff under accurate hypothetical questions that were asked by the ALJ and by Plaintiff's attorney." (Plf. Brief at 20, Page ID 623). This argument does not provide a basis for disturbing the Commissioner's decision. The argument ignores plaintiff's burden on appeal of demonstrating that the ALJ's finding that she was not disabled at step 4 of the sequential analysis is not supported by substantial evidence. Further, the hypothetical questions emphasized by plaintiff's attorney gave full credibility to his client's testimony and assumed an RFC more restrictive than the one determined by the ALJ.

RFC is an administrative finding of fact made by the ALJ. 20 C.F.R. §§ 404.1527(d)(2), (3), 416.927(d)(2), (3). RFC is the most, not the least, a claimant can do despite her impairments. 20 C.F.R. § 404.1545(a)(1), 416.945(a)(1); *see Branon v. Commissioner*, 539 F. App'x 675, 677 n.3 (6th Cir. 2013); *Griffeth v. Commissioner*, 217 F. App'x 425, 429 (6th Cir. 2007). Credibility determinations concerning a claimant's

subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d at 592. The ALJ's factual findings regarding plaintiff's RFC and the credibility of her testimony are supported by substantial evidence. The ALJ was not bound to accept the VE's testimony in response to the attorney's hypothetical questions, which incorporated more significant functional restrictions than those found by the ALJ. *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Gant v. Commissioner*, 372 F. App'x 582, 585 (6th Cir. 2010).

### 3.

Plaintiff argues that the ALJ violated the treating physician rule in the weight he gave to the opinions expressed by Edmundo Sanchez, M.D. (Plf. Brief at 17-19, Page ID 620-22; Reply Brief at 1-3, Page ID 641-43). The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). A treating physician's opinion that a patient is disabled is not entitled to any special significance. *See* 20 C.F.R. §§ 404.1527(d)(1), (3), 416.927(d)(1), (3); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007); *see also Sims v. Commissioner*, 406 F. App'x 977, 980 n.1 (6th Cir. 2011) ("[T]he determination of disability [is] the prerogative of the Commissioner, not the treating physician."). Likewise, "no special significance" is attached to treating physician opinions regarding the credibility of the plaintiff's subjective complaints, RFC, or whether the plaintiff's impairments meet or equal the requirements of a listed impairment because they are

administrative issues reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(2), (3), 416.927(d)(2), (3); *see Allen v. Commissioner*, 561 F.3d 646, 652 (6th Cir. 2009).

Generally, the medical opinions of treating physicians are given substantial, if not controlling, deference. *See Johnson v. Commissioner*, 652 F.3d 646, 651 (6th Cir. 2011). "[T]he opinion of a treating physician does not receive controlling weight merely by virtue of the fact that it is from a treating physician. Rather, it is accorded controlling weight where it is 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and is not 'inconsistent . . . with the other substantial evidence in the case record.'" *Massey v. Commissioner*, 409 F. App'x 917, 921 (6th Cir. 2011) (quoting *Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir. 2009)). A treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). An opinion that is based on the claimant's reporting of her symptoms is not entitled to controlling weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990); *see also Francis v. Commissioner*, 414 F. App'x 802, 804 (6th Cir. 2011) (A physician's statement that merely regurgitates a claimant's self-described symptoms "is not a medical opinion at all.").

Even when a treating source's medical opinion is not given controlling weight, it should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. §§ 404.1527(c), 461.927(c); *Martin v. Commissioner*, 170 F. App'x 369, 372 (6th Cir. 2006).

The Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007); *see Cole v. Astrue*, 661 F.3d 931, 937-38 (6th Cir. 2011); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). "[T]he procedural requirement exists, in part, for claimants to understand why the administrative bureaucracy deems them not disabled when physicians are telling them that they are." *Smith*, 482 F.3d at 876; *see Gayheart v. Commissioner*, 710 F.3d at 376.

Dr. Sanchez is a family practitioner. He generally did not treat plaintiff's diabetes. (Page ID 547, 550). Plaintiff received treatment for her diabetes by Michael Wood, M.D., a pediatric endocrinologist (Page ID 269, 374), and more recently by doctors at InterCare for both diabetes and mental impairments (Page ID 559-73, 591-92). No physician at InterCare offered any opinion in support of plaintiff's claims for DIB and SSI benefits.

Dr. Sanchez's treatment notes are limited, and they consist primarily of authorizing prescriptions. There are very few supporting objective test results. (Page ID 477-513). Plaintiff places great emphasis on the statement her attorney elicited from Dr. Sanchez on December 22, 2011. (Page ID 544-55). Dr. Sanchez noted that plaintiff's CT scans were negative for brain tumor, aneurysm, or other brain disorder. (Page ID 548). Plaintiff complained of back and neck pain "[o]nce in a while" and complained of "occasional panic attacks." (*Id.*). Dr. Sanchez offered an opinion that plaintiff was disabled. (Page ID 552-54). The ALJ carefully considered Dr. Sanchez's opinions and determined that they were entitled to limited weight:

> The undersigned assigns limited weight to the December 2011 opinion statement of Dr. Sanchez in exhibit 20F. The undersigned finds that such opinion is not well-supported by the objective and other substantial evidence in the record and gives it "limited" weight. Dr. Sanchez opined that he did not think the claimant would be able to perform a sedentary job on a full-time and consistent basis upon migraine headaches as well as the claimant's fluctuating blood sugar levels (Exhibit 20F/10-11). The record of medical treatment does not reflect in any way intensity and frequency of migraine headaches reasonably to be work-preclusive. Moreover, the claimant performed substantial gainful activity for about four years between 2005 and 2008 (inclusive) despite the insulin-dependent diabetes mellitus, a long-term impairment for the claimant. There is no evidence of long-term complications of the diabetes or any end organ damage.

(Op. at 8-11, Page ID 37-40).

The issue of disability is reserved to the Commissioner and Dr. Sanchez's opinion that plaintiff was disabled was not entitled to any special significance. *See Bass v. McMahon*, 499 F.3d at 511; 20 C.F.R. §§ 404.1527(d)(1), (3), 416.927(d)(1), (3); *see also Sims v. Commissioner*, 406 F. App'x at 980 n.1 ("[T]he determination of

disability [is] the prerogative of the Commissioner, not the treating physician."). Further, the ALJ's finding that the underlying treatment records did not reflect migraine headaches that were of an intensity or of a frequency that they would be work preclusive is well supported. The court finds no violation of the treating physician rule.

## Conclusion

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Heston v. Commissioner*, 245 F.3d at 534. The ALJ's conclusion that plaintiff is not disabled is supported by substantial evidence. Accordingly, it will be affirmed. A judgment will be entered accordingly.


Dated:  March 31, 2015              /s/ Janet T. Neff
                                    Janet T. Neff
                                    United States District Judge